UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State Farm Fire & Casualty,
Company of Bloomington Illinois,

Plaintiff,

v.

Donald Crooks, et al.,

Defendants.

Civil No. 01-280 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Leatha Wolter, Esq., for Plaintiff.
Travis Hansen, Pro Se.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on March 25, 2001, on Plaintiff's Motion for Summary Judgment Against Defendant Travis Hansen [#30]. Plaintiff properly noticed Defendant Travis Hansen at the last known address of record, however, Defendant Travis Hansen did not appear at the hearing. The matter was referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that Defendants' Motion be granted.

## I. FACTUAL BACKGROUND

This case arises out of a May 24, 2000, automobile accident in which Jared Hansen, a previous Defendant, struck two pedestrians while driving a 1982 Buick LaSabre ("the vehicle").[1]

[1]Originally there were four Defendants in this case. On 6-21-01, Judge John R. Tunheim, granted Plaintiff's motion for default judgment against co-Defendants Donald Crooks and Jared Hansen. On 11-5-01, default judgment was entered against co-Defendant Leah Hanisch. Defendant Travis Hansen is the only remaining Defendant in this action.



FILED 6 21 2
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

At the time of the accident the vehicle was insured by Plaintiff, State Farm Fire & Casualty ("State Farm" or "Plaintiff"), pursuant to a policy issued to Donald Crooks ("Crooks") one month prior to the accident. When Crooks applied for the policy he identified himself as the sole owner and driver of the vehicle. Subsequent evidence proved that Nancy Nelson ("Nelson"), not Crooks, was the owner or the vehicle. State Farm never contracted with Nelson and contends, therefore, the policy issued to Crooks was void *ab initio* under to Minnesota law. Defendant Travis Hansen ("Hansen") seeks coverage under the policy issued to Crooks. Plaintiff commenced this action seeking declaration of no obligation under the policy.

## II. CONCLUSIONS OF LAW

### A. Standard of Review

#### 1. Defendants's Motion for Summary Judgment [#44]

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Hegg v. U.S., 817 F.2d 1328, 1331 (8th Cir. 1987); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (holding that the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). When considering a motion for summary judgment, a court should construe all evidence in

favor of the non-moving party. See Anderson, 477 U.S. at 255. However, if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. Id. at 248-49. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48. If the opposing party fails to carry that burden, summary judgment should be granted. See Celotex, 477 U.S. at 322.

**B. Legal Analysis**

Plaintiff contends that the insurance policy with Crooks is void *Ab Initio* because he had no insurable interest in the insured vehicle. Specifically, Crooks is not the owner of the vehicle he sought to insure, and misled Plaintiff during the contract agreement asserting his insurable interest in the vehicle.

Under Minnesota law an insurable interest exists where the insured can suffer a loss if the subject property is damaged. See Northwestern National Bank of Minneapolis v. Maher, 258 N.W.2d 623 (Minn. 1977). Insurable interest is also recognized when the named insured may be held liable for damages incident to the operation of the vehicle. See Quaderer v. Integrity Mut. Ins. Co., 116 N.W.2d 605 (Minn. 1962). If the insured has no insurable interest, then the insurer has no liability. See Northwestern National Casualty Co. v. Bettinger, 111 F. Supp. 511 (D. Minn. 1953).

Here, the Court concludes the facts as presented are undisputed and provide sufficient evidence that Plaintiff, as the insurer, has no liability because the insured, Donald Crooks, had no

insurable interest in the vehicle. The evidence provided shows the vehicle was purchased and controlled by Nancy Nelson. Police reports, affidavits, and the driver's, Jared Hansen, statements identify Nelson as the owner of the vehicle at the time of the accident. Crooks admitted to Plaintiff's representative that he obtained the insurance in order for Nelson to receive a lower premium. Nelson has an extensive poor driving record which includes more than one conviction for driving while intoxicated. If Nelson were insurable by Plaintiff, she would likely be in a high risk category and pay a much higher premium. Crooks has no ownership in the vehicle, it is not registered in his name, and he would sustain no loss if the vehicle was damaged. Therefore, regardless to whether the policy Crooks obtained from State Farm was intended to defraud, it was void *ab initio*.

State Farm has provided facts that are undisputed by Defendant Travis Hansen, and this Court concludes there is no genuine issue as to any material fact presented. As such, the Court recommends that the Plaintiff's motion for summary judgment be granted.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Plaintiff's Motion for Summary Judgment Against Defendant Travis Hansen [#30] be **GRANTED**.

DATED: June 27, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.